IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**GLEN ALAN PUTNAM**,                                    Civil Case No. 08-486-KI

          Plaintiff,

                                           OPINION AND ORDER

vs.

**THEODORE KULONGOSKI,** et al.,

          Defendants.

      Glen A. Putnam
      SRCI 10447775
      777 Stanton Blvd.
      Ontario, Oreogn  97914-8334

          Pro Se Plaintiff

      John R. Kroger
      Attorney General

Page 1 - OPINION AND ORDER

Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Glen Alan Putnam is an inmate in the custody of the Oregon Department of Corrections ("ODOC") currently housed at the Coffee Creek Correctional Facility. Plaintiff alleges that ODOC, through defendants Governor Theodore Kulongoski, Director Max Williams, and Administrator Michael Gower, violated the Eighth Amendment by allowing physical abuse and monetary extortion of inmates convicted of sexual offenses. Plaintiff asserts that ODOC should segregate inmates with such convictions to ensure their protection. Before me is Defendants' Motion for Summary Judgment (#26), which I previously interpreted as an unenumerated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). For the following reasons, I grant the motion.

## LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement requires "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006).

Page 2 - OPINION AND ORDER

The PLRA's exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance. OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; and (5) the loss or destruction of property. OAR 291-109-0140(2)(a)-(f). A grievance must be filed within 30 days of the incident. OAR 291-109-0150(2). Once the inmate grievance has been logged, the grievance coordinator sends a receipt to the inmate. OAR 291-109-0160(1)(a).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(1)(a) and (b). The inmate will receive a return receipt. OAR 291-109-0170(1)(a). If still not satisfied, the inmate may appeal the functional

Page 3 - OPINION AND ORDER

unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. Again, the inmate will receive a return receipt. OAR 291-109-0170(2)(a). This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0170(2)(a)-(c).

## DISCUSSION

Plaintiff has been incarcerated at Multnomah County Inverness Jail, Columbia River Correctional Institute, Oregon State Penitentiary, and Snake River Correctional Institution ("SRCI"). He was at SRCI from March 24, 2005 to January 31, 2007. Plaintiff alleges four assaults in 2004, 3 assaults in 2005,[1] and two in 2006. Plaintiff explains in his briefing that he is not seeking to recover for these assaults, but rather that the assaults are evidence of "the single policy of non-segregation of inmates by crimes[, which] implicate[es] DOC as an accomplice in intimidation, assault, murder and extortion[.]" Pl's. Resp. at 2.

Defendants contend that plaintiff failed to exhaust his administrative remedies as required by the PLRA. Although plaintiff filed a grievance regarding ODOC's non-segregation policy, he failed to appeal SRCI's response. One of the SRCI grievance coordinators, Teresa Hicks, testifies that plaintiff filed a grievance on January 16, 2007. Hicks returned the grievance to plaintiff on January 25, 2007, in which she explained that her records showed plaintiff told staff he felt safe at SRCI and he had not been assaulted. Additionally, she reported in her response to him that she had spoken with plaintiff's counselor on January 16 who said plaintiff had not complained about extortion. Hicks indicated in her response that she asked the counselor to follow-up with plaintiff at his regular meeting on January 26. Hicks reports that at the follow-up

---

[1] He explains in his response that a few of the dates are incorrect in his Complaint.

Page 4 - OPINION AND ORDER

meeting, plaintiff refused to discuss any incidents of assault or extortion. Plaintiff did not appeal Hicks' response to his grievance.

In opposition to defendants' motion, plaintiff argues there was no "available" administrative remedy. He asserts in his response that "there was no notification that the appeal process existed," that he could not easily view the relevant regulations, that the appeal deadline is too short, and that the grievance review and appeal process is designed to trip up civil litigants.

Plaintiff does not refute the evidence submitted by defendants that the administrative remedies process is explained to inmates in an Admission and Orientation class when they first arrive at the facility. Furthermore, he does not submit evidence contradictory to defendants' statement that the administrative remedies process is explained in the inmate handbook, and the forms are available from any housing unit officer, correctional counselor, religious provider, or library coordinator. In short, plaintiff submits no evidence he did not know what was required to exhaust his administrative remedies.

In Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006), the court explored when administrative remedies are not "available" under the PLRA. The court concluded that when prison officials refuse to provide the necessary forms, give erroneous information about filing timelines, fail to respond to a grievance, or threaten or intimidate an inmate to deter complaints, administrative remedies may not be "available." See also Collier v. Brown, 635 F. Supp. 2d 1144, 1155-56 (C.D. Cal. 2009) (collecting cases).

Plaintiff here argues only that he could not easily get a copy of the regulations, that the 14-day deadline within which to submit an appeal is too short, and that the scheme thwarts civil litigants. Plaintiff's arguments are not the sort of evidence courts consider in concluding that

Page 5 - OPINION AND ORDER

administrative remedies were not available. Plaintiff submits no evidence defendants prevented him from complying with the administrative exhaustion requirements.

Since plaintiff failed to appeal Hicks' decision on his grievance, plaintiff has not complied with the PLRA administrative exhaustion requirement and his Complaint must be dismissed without prejudice.

## CONCLUSION

Defendants' Motion for Summary Judgment (#26), which I previously construed as an unenumerated motion to dismiss under Rule 12(b), is granted. This case is dismissed without prejudice.

IT IS SO ORDERED.

Dated this    25th    day of January, 2010.

        /s/ Garr M. King
        Garr M. King
        United States District Judge